IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

BRENT T. MARTIN                                                                                    PLAINTIFF
ADC #135068

v.                                    2:21CV00155-BSM-JTK

JEFF HEADGWOOD                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Brent T. Martin ("Plaintiff") was in custody at the Phillips County Detention Center when he filed this action. (Doc. No. 1). On November 23, 2021, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis and screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"). (Doc. No. 6). Plaintiff's Complaint failed to state a claim upon which relief may be granted, so the Court offered Plaintiff the chance to amend his Complaint within 30 days to cure the defects. (Id.) Plaintiff has not filed an amended complaint. Further, mail from the Court to Plaintiff has been returned as undeliverable (Doc. No. 7), and Plaintiff has not provided an updated address. Because Plaintiff's Complaint fails to state a claim upon which relief may be granted, as explained below, the Court recommends Plaintiff's claims be dismissed without prejudice.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

2

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Discussion

Plaintiff sued Phillips County Detention Center Commander Jeff Headgwood in his personal and official capacities. (Doc. No. 1 at 5, 7). Plaintiff alleges Defendant Headgwood unlawfully opened Plaintiff's legal mail. (Id. at 4-5). Plaintiff also claims Defendant Headgwood was deliberately indifferent to an injury to Plaintiff's foot. (Id. at 5-6). Plaintiff seeks damages, among other relief. (Id. at 9).

#### A. Official Capacity Claims

Plaintiff sued Defendant Headgwood in his personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendants are the equivalent

of claims against Phillips County. To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

Because Plaintiff has not alleged that a Phillips County policy or custom was the driving force behind the alleged violation of his rights, Plaintiff failed to state an official capacity claim on which relief may be granted.

### B. Personal Capacity Claims

Plaintiff alleges Defendant Headgwood opened Plaintiff's legal mail and was deliberately indifferent to his medical needs.

#### 1. Legal Mail

Plaintiff alleges Defendant Headgwood opened mail from the Court to Plaintiff; Plaintiff refers to the mail as "legal mail." (Doc. No. 1 at 5).

Legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997). Because Plaintiff explained that mail at issue was from the Court, the Court interprets Plaintiff's claim as falling under the First Amendment. See Wolff v. McDonnell, 418 U.S. 529, 576-77 (1974). To state a First Amendment claim, a plaintiff must allege actual injury – in an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim" Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). Plaintiff has not alleged any harm from his mail being opened. Further, Plaintiff identified only one instance of his mail being opened. Even if the mail at issue was legal mail, an isolated incident with no evidence of interference with an inmate's right

to counsel or access to the courts is insufficient to state a claim. Beaulieu v. Ludeman, 690 F.3d 1017, 1037 (8th Cir. 2012). Accordingly, Plaintiff failed to state a First Amendment claim in connection with his opened mail.

### 2. Deliberate Indifference to Medical Needs

Plaintiff identified himself as a pretrial detainee. (Doc. No. 1 at 2). Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to the inmate's serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Id. "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

According to Plaintiff, on October 27, 2021 he was washing inmates' laundry and slipped and fell in the laundry room, injuring his foot. (Doc. No. 1 at 6). Plaintiff says he was given an x-ray to make sure that his foot was not broken; the result of the x-ray was negative. (Id.) Plaintiff was advised by Nurse Hunt and Defendant Headgwood to keep his foot elevated. (Id.)

Plaintiff pled that on November 2, 2021, his foot was still swollen and he was in pain. (Id.) Plaintiff claims Defendant Headgwood and his medical staff are "neglecting [Plaintiff] of medical treatment even though [he] hurt [himself] on the grounds of the Phillips County Detention Center." (Id. at 7).

Plaintiff's Complaint does not indicate deliberate indifference on the part of Defendant Headgwood. Plaintiff explains his foot was injured, x-rayed, and found not to be broken. Plaintiff also says Defendant Headgwood told Plaintiff to keep his foot elevated. Plaintiff complains that six days after the injury, his ankle was still swollen and painful. Plaintiff does not allege that Defendant Headgwood knew about Plaintiff's continued medical issue—Plaintiff's condition on November 2, 2021—but nonetheless denied, delayed, or otherwise interfered with Plaintiff's medical treatment. See Carnahan, 132 F.3d at 1239. Accordingly, Plaintiff's deliberate indifference to medical needs claim against Defendant Headgwood fails to state a claim on which relief may be granted. Additionally, there is no supervisory liability in 42 U.S.C. § 1983 claims. Wise v. Lappin, 674 F.3d 939, 942 (8th Cir. 2012).

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. Plaintiff's Complaint be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court certify that an in forma pauperis appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 6th day of January, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE